The **GOODRICH & SHERWOOD COMPANY**, Plaintiff,

v.

George **GOODRICH**, Defendant.

v.

Sherwood A. **SCHAUB**, a/k/a Andrew Sherwood, Stanley C. Johnson, James F. Blair, Walter O. Sonyi, Richard A. Miners, L. Marshall Stellfox, Linford E. Stiles, and John Does One Through Ten, Additional Defendants on Counterclaims.

No. 85 Civ. 0857 (RWS).

United States District Court, S.D. New York.

Oct. 14, 1986.

---

Jarblum, Solomon & Fornari, New York City, for plaintiff.

Shea & Gould, John B. Grant, Jr., Charles Novak, Of Counsel, New York City, for defendant.

## MEMORANDUM OPINION

SWEET, District Judge.

Defendant George Goodrich ("Goodrich") timely moved to modify the judgment entered in this action on December 20, 1985, a motion that was deferred for submission until September 19, 1986 by agreement of the parties, Goodrich having died in January, 1986, and his estate having been substituted for him. The motion on behalf of Goodrich seeks to delete from the judgment the reference to "disclosing confidential information of G & S" in connection with paragraph 7 of the Withdrawal Agreement and in addition the provision requiring Goodrich to make repayments in the amount of $26,780.19. The motion is granted in part and denied in part.

This is yet another sad chapter in the change of ownership of plaintiff Goodrich & Sherwood ("G&S"), an executive recruiting firm. The relevant facts have been found after a three day bench trial and will not be repeated here.

The violation found to have been committed by Goodrich was the making of a statement about Sherwood Schaub, his former partner, to James Kennedy, publisher of Executive Recruiter News. The opinion stated the statement to be "disparaging" and a violation of Paragraph 10 of the Withdrawal Agreement. The judgment in addition termed it a "disclosure of confidential information" and a violation of Paragraph 7. Despite counsel's kind words about the court's careful craftsmanship, the judgment was in error.

Paragraph 7(c) states as follows:

(c) Except as may be required by law or in the course of litigation to which Goodrich is a party affecting the Partnership or any of the Partners, Goodrich will not, without the express written authority of the Partnership, disclose to others, publish or use, any proprietary, secret or confidential information of the Partnership (which for the purposes hereof shall be information which is not generally known to those outside of the Partnership) relating to:

A. The business, conduct, or operations of the Partnership, any partner or any subsidiary or affiliated company of the Partnership.

B. Any materials, apparatus, methods, ways of business, programs and/or research, development, customer lists, customer requirements, etc., used in the sales, promotion, or marketing of the Partnership's services.

C. The existence or betterment of any possible new uses or applications for any such services. .

It now appears that a disclosure of confidential information would terminate Johnson's agreement in 1979 to purchase Goodrich's interest, since Goodrich was required by the 1980 amendment to comply with Paragraphs 7, 8 and 9 of the Withdrawal Agreement.

The Withdrawal Agreement does not support the construction now sought by G&S. The quoted language in its total context speaks as of the time of the Withdrawal Agreement and covers what would be commonly understood to be trade secrets. The language relating to the "conduct ... of ... any partner" does not extend the definition of confidential information to the information about events involving Schaub which took place before the partnership was formed and were biographical in nature, the revelation of which constituted "a derogatory comment" under Paragraph 10. As now construed by G&S, the derogation under Paragraph 10 would have been superfluous if the information were confidential and a violation under Paragraph 7. The case was not tried under that theory. Indeed the only alleged breach relating to confidential information presented during the trial concerned the Rolodex incident.

No modification will be made in the judgment with respect to the payments made to

Goodrich. That provision was not entered in error.

Defendant is directed to submit an amended judgment on notice deleting the references to confidential information and Paragraph 7.

IT IS SO ORDERED.